PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring:
Ted Kubala sued Supreme for denying him overtime pay. Two days later, Supreme presented him with a “take it or leave it” arbitration agreement. Supreme now claims that that agreement’s delegation clause governs Kubala’s preexisting suit.
Supreme’s claim has troubling implications. The Fair Labor Standards Act (FLSA) affords employees a federal forum for their claims.[1] It is beyond dispute that an employer may not fire an employee for filing a FLSA suit.[2] Similarly, an employ *205 er’s threat to discharge an employee who refuses to withdraw a suit would sit uneasily with the law.[3] But what if a Texas employer with no extant arbitration agreement, once notified of an employee’s FLSA suit, threatens to fire the employee unless he agrees to arbitrate the suit? Its threat would coerce the plaintiff into relinquishing his FLSA-given right to decision by an independent judiciary for private decision by appointed private arbitrators, just as powerfully as if the employer had demanded he drop the suit outright. With all deference to the judiciary’s recent and warm embrace of arbitration, who decides and whether it is a public or private proceeding matters a great deal, arriving on stage as it does redolent with large concerns attending a regime of contracting out justice — when consent so often must be blind to inequality of bargaining power.
In my view, neither the FLSA nor Texas’s sanction of “take it or leave it” employment agreements easily suffer such a threat, and an arbitration agreement exacted through one is of questionable validity. I do not discern a contrary view in the Supreme Court’s arbitration jurisprudence, nor do I read our opinion to reach this issue. Indeed, Supreme insists it was unaware of Kubala’s suit until well after the arbitration agreement became effective, and Kubala offers no argument or evidence in opposition — only insinuations. That aside, he briefs no arguments, FLSA-related or otherwise, specific to the agreement’s delegation clause, which a sharply divided Court in Rent-A-Center held is a separate and severable arbitration agreement, a decision we properly apply with the force it commands.[4] Today, I only caution that we ought do no more.
Given this, I agree that the arbitrability of Kubala’s suit must itself be arbitrated, and concur in today’s well-stated opinion.

. 29 U.S.C. § 216(b).

. Id. § 215(a)(3); see LeCompte v. Chrysler Credit Corp., 780 F.2d 1260, 1263-64 (5th Cir. 1986); Goldberg v. Bama Mfg. Corp., 302 F.2d 152, 154 (5th Cir. 1962). Of course, an employee's right to be free from retaliation under the FLSA and similar statutes is unrelated to the merit of her suit. Indeed, the phenomenon of employment discrimination suits falling away on the merits only to rise again as retaliation claims is commonplace. See generally Vadie v. Mississippi State Univ., 218 F.3d 365, 374 & n. 24 (5th Cir. 2000); Romella Janene El Kharzazi et al., Retaliation—Making it Personal, Equal Empl. Opportunity *205 Comm’n, https://www.eeoc.gov/laws/types/ retaliation_considerations.cfm ("[Rjetaliation has been the most frequently alleged basis of discrimination in the federal sector since fiscal year 2008. In addition, the number of discrimination findings based on a retaliation claim has outpaced other bases of discrimination. ... In a large number of these cases, it is common for an original discrimination allegation (on a basis other than retaliation) [to] fail to establish a violation of the law, but the subsequent retaliation allegation results in a discrimination finding.").

. Cf. Brandon v. Sage Corp., 808 F.3d 266, 271 (5th Cir. 2015) (in a Title VII case, entertaining the "possibility that a realistic, drastic pay cut threat might deter someone from supporting a discrimination charge in certain circumstances,” giving rise to an actionable retaliation claim).

. See Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 72-73, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010).